BERNARD, COLUMBUS & SUVIO MFG. CO. v. FERNO CO. et al.

(Circuit Court, E. D. New York.    February 16, 1905.)

PATENTS—INFRINGEMENT—GAS-HEATER.
    The Carter patent, No. 573,205, for a gas-heater, construed, and *held*
    not infringed.

In Equity.  Suit for infringement of letters patent No. 573,205,
for a gas-heater, granted to John W. Carter December 15, 1896.
On final hearing.

Louis Hicks, for complainants.
Kenneson, Emley & Rubino (George E. Morse, of counsel), for
defendants.

THOMAS, District Judge.  The bill is filed to enjoin the defend-
ants from infringing letters patent No. 573,205, issued December 15,
1896, and thereafter assigned to the complainants.  The defense is
noninfringement.  The invention relates to improvements in gas-
heaters.  The claims are as follows:

"(1) A gas heating-stove consisting of an outer cup-shaped shell, provided
with an ascending flue extending upward from its bottom, and open at both
ends, and adapted to receive a gas-pipe; an inner cup-shaped shell, disposed
in said outer shell, and united therewith at its upper edge, said inner shell
being provided with a descending flue closed at its upper end, and surrounding
said ascending flue, forming a mixing-space between them; a shallow mixing-
chamber being formed at the lower part of the stove between said shells,
into which chamber said descending flue opens; said outer shell being pro-
vided with jet-openings.

"(2) A gas heating-stove consisting of an outer cup-shaped shell, provided
with an ascending flue extending upward from its bottom and open at both
ends, and adapted to receive a gas-pipe; an inner cup-shaped shell, disposed
in said outer shell, and united therewith at its upper edge; said inner shell
being provided with a descending flue closed at its upper end, and surrounding
said ascending flue, forming a mixing-space between them, a shallow mixing-
chamber being formed at the lower part of the stove, between said shells, into
which chamber said descending flue opens; said outer shell being provided
with jet-openings, and a dome-shaped top fitting tightly over said cup-shaped
shells."

The elements of claim 1 are (1) an "outer cup-shaped shell, pro-
vided with an ascending flue extending upward from its bottom, and
open at both ends, and adapted to receive a gas-pipe"; (2) an "inner
cup-shaped shell, disposed in said outer shell, and united therewith
at its upper edge," "provided with a descending flue closed at its
upper end, and surrounding said ascending flue, forming a mixing-
space between them."  The claim provides for two mixing-cham-
bers—one between the inner walls of the descending flue and the
outer walls of the ascending flue, and one between the inner and
outer shell.

The defendants' structure shows all the parts mentioned in either
claim, except as follows:  What has been called the "ascending
flue" penetrates the outer shell to the inner surface thereof, where it
is fastened.  It opens into the space betwen the inner and outer shell,
but does not ascend into such space.  What has been called the "de-
scending flue," in the patent, in the inner shell, is replaced by a

dome-shaped upward extension of the inner shell, slightly over ·an inch in diameter, and spanning the mouth of the ascending flue. The vertical height of the dome above the shell is less than one-quarter of an inch. The defendants' structure shows no descending flue surrounding the ascending flue, except in the sense that the dome of the inner· shell stands above the mouth of the ascending flue. Hence there is but one mixing-chamber in the defendants' device, to wit, that between the outer and inner shell, in which is included the slight space in the dome, and except that the air and gas is mixed in the ascending flue before it reaches the interior surface of the outer shell.

It is contended on the part of the complainants that the mixing space between the walls of the ascending and descending flues is not a part of the invention, and that it should be disregarded, or that the defendants' structure is equivalent to the complainants' structure, as defined in the claims. It is thought that this contention is untenable. The diagram accompanying the complainants' letters shows a recess or chamber extending upward from the inner shell, with the ascending tube penetrating the same for about two-. thirds of the height of such descending flue, with the intention that the gas and air shall pass into this ascending flue, pass out thereof at the upper part of the descending flue, and thereafter pass between the walls of the two flues to the space between the two shells. Nothing corresponding to this figure is found in the defendants' structure. The specification describes the course of the air and gas, and states:

"By the arrangement of the cylindrical portion E', of the shell, E [meaning thereby the descending flue], which acts in the nature of a closed deflector, the gas-and-air mixture is compelled to pass first in outward and then in downward direction through the channel formed by the inner flue, $D^2$ [the ascending flue], of the outer shell and cylindrical portion E' [the descending flue], of the inner shell, so that the gas-and-air mixture is heated up in its course to the jet openings, d [in the outer shell], and the perfect combustion of the gas-and-air mixture in connection with the exterior air thereby obtained."

In the defendants' structure the gas and air at the interior surface of the outer shell pass immediately into the space between the two shells; being aided thereby by deflection from the wall of the interior shell, including the dome thereof. In other words, the ascending flue terminates or is cut off at the inner surface of the outer shell, and there is no mixing in the ascending flue beyond that point, nor between the walls of the ascending and descending flues, because there are no such walls above the outer shell. It is true that in the specification the inventor states that—

"The invention consists of a gas heating-stove applied to gas-burners, comprising an interior shell provided with a cylindrical central portion, a hemispherical upper shell provided with a suitable handle, [provided for exclusively in the second claim], and an exterior shell provided with a central flue open at the upper and lower ends, and with openings for the flame, * * * as will be fully described hereinafter, and finally pointed out in the claims."

He further says:

"My improved gas heating-stove consists, preferably, of three main portions, namely, an exterior hemispherical lower shell, D; * * * an inte-

rior smaller shell, E, supported by the latter, and which is provided with a central cylindrical portion, E', which is open at the lower end and closed at the upper end; said closed end serving as a deflector for the gas-and-air mixture supplied to said central cylindrical portion."

The defendants' structure shows no such descending flue as the patent contemplates. It shows no flue ascending into the descending flue, "forming a mixing space between them," but simply uses for the purposes of a mixing-chamber the space between the two shells. Hence the gas is neither mixed in the ascending flue after the same passes inside the outer shell, nor is it mixed in the annular space between the two flues.

It is considered that it would be an unallowable reconstruction and amplification of the claim, as read in connection with the diagram and the definite statement of the course of the gas and air, to hold that the defendants' device involved the parts that the patentee has definitely claimed in his combination. Therefore no infringement has been shown, and the bill should be dismissed.